IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

DENFORD B. McIE, JR.,

    Plaintiff,

v.                                                    Civil Action No. 1:04CV48
                                                                (STAMP)
JO ANNE B. BARNHART,
Commissioner of Social
Security Administration,

    Defendant.

**<u>MEMORANDUM OPINION AND ORDER
ACCEPTING AND ADOPTING REPORT AND
RECOMMENDATION OF MAGISTRATE JUDGE</u>**

I.  <u>Background</u>

The plaintiff, Denford B. McIe, Jr., ("McIe"), filed an action on March 15, 2004 seeking judicial review of an adverse decision by the defendant, Commissioner of Social Security, pursuant to 42 U.S.C. § 405(g). The case was referred to United States Magistrate Judge John S. Kaull for submission of proposed findings of fact and recommendation for disposition pursuant to 28 U.S.C. §§ 636(b)(1)(A) and 636(b)(1)(B). The defendant filed an answer to plaintiff's complaint on June 3, 2004, and the plaintiff filed a motion for summary judgment on August 16, 2004. Following several extensions, the defendant filed a motion for summary judgment on October 22, 2004 and the plaintiff filed a response. The case was then transferred to the undersigned judge and referred to United States Magistrate Judge James E. Seibert for submission of proposed findings of fact and recommendation for disposition.

Magistrate Judge Seibert considered the plaintiff's motion for summary judgment, the defendant's motion for summary judgment and the plaintiff's response, and then submitted a report and recommendation. The magistrate judge recommended that the plaintiff's motion for summary judgment be denied and that the defendant's motion for summary judgment be granted with regard to the due process issue raised by the plaintiff. However, the magistrate judge recommended that the plaintiff's motion for summary judgment be granted and that the defendant's motion for summary judgment be denied with regard to the Appeals Council's decision to reopen the favorable November 30, 2000 decision. Moreover, the magistrate judge recommended that this case be remanded for the ALJ to follow the orders of the Appeals Council to obtain evidence from a medical expert to clarify the nature and severity of the plaintiff's impairments for the October 14, 1998 application.

Upon submitting this report, Magistrate Judge Seibert informed the parties that, if they objected to any portion of his proposed findings of fact and recommendation for disposition, they must file written objections within ten days after being served with a copy of the report. To date, no objections have been filed by the parties.

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court is required to make a de novo review of those portions of the magistrate judge's findings to which objection is made. However, failure to

file objections to the magistrate judge's proposed findings and recommendation permits the district court to review the recommendation under the standards that the district court believes are appropriate and, under these circumstances, the parties' right to de novo review is waived. See Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982); Webb v. Califano, 468 F. Supp. 825 (E.D. Cal. 1979). Accordingly, this Court reviews the report and recommendation of the magistrate judge for clear error.

## II. Facts

On July 1, 1992, the plaintiff filed an application for disability insurance benefits ("DIB") which was initially denied on September 17, 1992. A second application for DIB was denied on March 9, 1994, and a October 14, 1998 application for Social Security Income (SSI) was denied. The plaintiff filed another application for DIB on May 18, 2000 which was also denied on September 11, 2000. However, on November 30, 2000, the plaintiff was found to have met Listing 12.05C, with an onset disability date of May 1, 2000, and the plaintiff began receiving SSI payments on December 21, 2000.

On May 17, 2002, the Appeals Council granted the plaintiff's request for review of his October 14, 1998 SSI application and vacated the prior decision on grounds that McIe's physical and mental residual functional capacity ("RFC") were not clearly delineated. In addition, the Appeals Council reopened the November

30, 2000 decision that the plaintiff met Listing 12.05C.[1]  The Appeals Council consolidated the two claims and remanded for further proceedings.  On October 27, 1999, the ALJ held a hearing to consider the plaintiff's claim, and determined that McIe was not disabled within the meaning of the Act.  The Appeals Council denied the plaintiff's request for review.  The plaintiff then filed the present action with this Court.

### III.  Applicable Law

An ALJ's findings will be upheld if supported by substantial evidence.  See Milburn Colliery Co. v. Hicks, 138 F.3d 524, 528 (4th Cir. 1998).  Substantial evidence is that which a "'reasonable mind might accept as adequate to support a conclusion.'"  Hayes v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)).  Further, the "'possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's findings from being supported by substantial evidence.'"  See Sec'y of Labor v. Mutual Mining, Inc., 80 F.3d 110, 113 (4th Cir. 1966)(quoting Consolo v. Fed. Mar. Comm'n, 383 U.S. 607, 620 (1966)).

### IV.  Discussion

The plaintiff argues that the Appeals Council unlawfully re-opened and revised the November 30, 2000 decision.  First, the plaintiff argues that 20 C.F.R. § 416.1487 violates the plaintiff's due process rights by unconstitutionally allowing the Appeals

---

[1] The Appeals Council determined that several IQ scores were above the required level of Listing 12.05C.

4

Council to reopen otherwise final and binding decisions in "secret." Second, the plaintiff argues that the Appeals Council erred when it reopened McIe's case because it lacked "good cause." Finally, the plaintiff argues that the ALJ failed to procure testimony from a medical expert in violation of the Appeals Council's May 17, 2003 directive.

The magistrate addressed and decided each of the plaintiff's arguments without clear error. First, the Appeals Council's ability to reopen a case pursuant to 20 C.F.R. § 416.1487 does not violate the plaintiff's due process rights. A court reviewing due process protections should consider the plaintiff's private interest, the risk of an erroneous deprivation of such interest, the merit of possible substitute procedures and the government's interest in preventing fiscal and administrative burden. See Mathews v. Eldridge, 424 U.S. 319, 334 (1976). As the magistrate judge noted, the Fourth Circuit has favorably addressed the Appeals Council's power to re-open initial determinations. Zimmerman v. Heckler, 774 F.2d 615, 617 (4th Cir. 1985). While Zimmerman does not specifically address the constitutional argument raised by the plaintiff in this case, the court implicitly approved of the process. Further, this Court finds that the procedures set forth in §§ 416.1487(2)(a), 416.1487(2)(b) and 416.1488(2) sufficiently protected the plaintiff's interest in social security benefits. In addition, the Appeals Council is barred from opening a case after 12 months without first making a finding of "good cause." As discussed blow, good cause is narrowly defined to prevent abuse.

Finally, the plaintiff is protected by subsequent procedures, such as a hearing before an impartial ALJ, which follow the reopening of a case. Accordingly, 20 C.F.R. § 416.1487 does not run afoul of the Constitution.

Moving now to "good cause," this Court agrees with the magistrate judge that the Appeals Council did not sufficiently evaluate whether it had "good cause" to reopen the November 30, 2000 decision. Pursuant to 20 C.F.R. § 416.1489(a), the Appeals Council may not reopen a case unless (1) new and material evidence is furnished, (2) a clerical error was made, (3) evidence considered in making a determination clearly shows on its face that an error was made. The magistrate judge found that the Appeals Council did not articulate any of the above justifications for reopening the plaintiff's favorable decision. The magistrate judge noted that the higher IQ test scores, upon which the Appeals Council based its decision to reopen, were considered by the state agency psychologist who nevertheless concluded that the impairment satisfied Part B of Listing 12.05C, citing not only lower IQ tests, but also other physical and mental impairments. See Tr. 527 and 529. Accordingly, this Court agrees that the Appeals Council did not demonstrate that the evidence before the ALJ's "clearly show[ed] on its face that an error was made."

Finally, in its May 17, 2002 order remanding the decision of the ALJ, the Appeals Council plainly directed the ALJ to "obtain evidence from a medical expert to clarify the nature and severity of the claimant's impairments (20 C.F.R. § 416.927(f) and Social

6

Security Ruling 96-6p)." Tr. 253. On remand, the ALJ did not consider evidence from a medical expert and did not explain why the Appeals Council's directive was ignored. Accordingly, the magistrate judge recommended that this case be remanded to the ALJ to obtain evidence from a medical expert in order to clarify the nature and severity of the claimant's impairments for his October 14, 1998 application. This Court finds this recommendation to be without clear error.

## V. Conclusion

Because the parties have not objected to the proposed findings of fact and recommendation for disposition, and because this Court finds that the recommendation is not clearly erroneous, this Court hereby ACCEPTS and ADOPTS the magistrate judge's report and recommendation in its entirety. For the reasons stated above, it is ORDERED that the plaintiff's motion to remand be DENIED and that the defendant's motion for summary judgment be GRANTED as to the issue of due process. It is further ORDERED that the plaintiff's motion for summary judgment be GRANTED and that the defendant's motion for summary judgment be DENIED as to the issue of "good cause." Accordingly, the favorable November 30, 2000 decision -- which found that the plaintiff met Listing 12.05C with an onset-of-disability date of May 1, 2000 -- is hereby REINSTATED, and the plaintiff is entitled to any SSI payments denied as a result of the Appeals Council's decision to reopen the November 30, 2000 determination.

Further, this case is REMANDED to the Social Security Administration for the ALJ to follow the orders of the Appeals Council to obtain evidence from a medical expert to clarify the nature and severity of the plaintiff's impairments for the October 14, 1998 application.

Finally, this case is DISMISSED and STRICKEN from the active docket of this Court.

IT IS SO ORDERED.

The Clerk is directed to transmit copies of this order to counsel of record herein.  Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED:    August 3, 2005


                                        /s/ Frederick P. Stamp, Jr.
                                        FREDERICK P. STAMP, JR.
                                        UNITED STATES DISTRICT JUDGE